FILED

E-FILED
Tuesday, 01 November, 2022 03:54:31 PM
Clerk, U.S. District Court, ILCD

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CR-300 70 |
| | ) | |
| STEVEN A. WOODRUM, | ) | 18 U.S.C. § 1014 |
| | ) | 18 U.S.C. § 1344 |
| Defendant. | ) | |

## INDICTMENT

**The Grand Jury charges:**

## COUNT ONE
(False Statement on Loan and Credit Application)

On or about January 2018, within the Central District of Illinois, and

elsewhere, the defendant,

STEVEN A. WOODRUM,

knowingly made a false statement for the purpose of influencing the action

of Farm Credit Services of America, a federally chartered financial

institution under the Farm Credit Administration, in connection with an

application and loan, in that the defendant provided a financing

application and purchase order, as well as a promissory note and security

agreement representing that he owned pieces of farming equipment to

serve as collateral for the loan, when in truth and in fact, as the defendant

well knew, he did not own the property he pledged as collateral for the loan.

All in violation of Title 18, United States Code, Section 1014.

## COUNT TWO
(Bank Fraud)

On or about January 2018, within the Central District of Illinois, and elsewhere, the defendant,

STEVEN A. WOODRUM

did knowingly execute a scheme and artifice to obtain moneys, funds, credits, assets, or other property owned by, or under the custody or control of Farm Credit Services of America, a federally chartered financial institution under the Farm Credit Administration, by means of false and fraudulent pretenses, representations, and promises.

Scheme to Defraud

As part of the scheme to defraud, STEVEN A. WOODRUM, entered into a loan agreement with Farm Credit Services of America, to refinance four pieces of farming equipment.

As part of the scheme to defraud, WOODRUM executed a financing application, attaching a purchase order from Beard Implement Company claiming to own the four pieces of farming equipment he wished to use as collateral.

As part of the scheme to defraud, WOODRUM executed a promissory note promising to repay Farm Credit Services of America for the loan and a security agreement granting Farm Credit Services of America a security interest in the equipment listed in the purchase order.

WOODRUM did not own the equipment he pledged as collateral.

### Execution of the Scheme

On or about January 2018, within the Central District of Illinois, and elsewhere, the defendant,

### STEVEN A. WOODRUM,

acting with the intent to defraud, did knowingly promise as collateral for a loan, four pieces of farming equipment, a Case IH 215 Planter, S/N YHS074106; a Case IH 370 Steiger Tractor, S/N ZGF308065; Case IH RB565 Round Baler, S/N YHN196682; and Case IH DC102 Disc Mower, S/N YHN263879, that he in fact did not own.

All in violation of Title 18, United States Code, Section 1344(2).

### FORFEITURE ALLEGATION

The Grand Jury further finds probable cause that:

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1014 and 1344 set forth in Counts One and Two of this Indictment, the defendant, STEVEN WOODRUM, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following: a sum of money of at least $564,000.00, which represents the proceeds of the offenses charged in Counts One and Two that the defendant obtained and that, upon entry of an order of forfeiture, shall be reduced to a money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title

4

28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

A TRUE BILL,

s/ Foreperson

FOREPERSON

s/ Douglas Quivey

for
_____
GREGORY K. HARRIS
UNITED STATES ATTORNEY
TKJ